TORBERT, Chief Justice
(dissenting).
I do not believe that the Ethics Commission’s power is so limited that it can not take the action that it did in this case.
Undoubtedly, the majority opinion is correct in noting that an administrative agency has only those powers conferred upon it by its creator. Ex parte City of Florence, 417 So.2d 191 (Ala.1982). However, as a general rule, the following is also correct:
*609 “In addition to the powers expressly conferred on them by organic or legislative enactment, such officials or bodies ... have such implied powers, and only such implied powers, as are necessarily inferred or implied from, or incident to, the express powers granted to, or duties imposed on, them. Thus, they possess the powers reasonably necessary and fairly appropriate to make effective the express powers granted to, or duties imposed on them, and to accomplish the purposes of the legislation which established them.”
73 C.J.S. Public Administrative Law and Procedure, § 51 at 501 (1983).
Fortunately the legislature set forth its findings, declarations, and purpose in regard to the ethics laws:
“It is essential to the proper operation of democratic government that public officials be independent and impartial; that governmental decisions and policy be made in the proper channels of the governmental structure; that public office not be used for private gain other than the remuneration provided by law; and that there be public confidence in the integrity of government. The attainment of one or more of these ends is impaired whenever there exists a conflict between the private interests of an elected official or a government employee and his duties as such. The public interest, therefore, requires that the law protect against such conflicts of interest and establish appropriate ethical standards with respect to the conduct of elected officials and government employees in situations where conflicts exist.”
Code 1975, § 36-25-2(a).
In furtherance of that purpose, the legislature provided that the Commission had the duty to investigate complaints by individuals that the ethics law had been violated, § 36-25-4(7), to report violations to the appropriate authorities, § 36-25-4(8), to “issue upon request and publish advisory opinions on the requirements of this chapter, based upon a real or hypothetical set of circumstances,” § 36-25-4(9), and to “initiate and continue programs for the purpose of educating candidates, officials, employees and citizens of Alabama on matters of ethics in government service,” § 36-25-4(10).
The thrust of the majority opinion is that because the Commission did not have the express authority to issue a “reprimand” it acted beyond its powers. While, admittedly, the statement issued did not praise Chief Deutcsh, I would not necessarily characterize the statement as a reprimand. Section 36-24-4(10) requires the Commission to educate “candidates, officials, employees and citizens of Alabama on matters of ethics.” The statement acknowledges that the “line separating a violation from a non-violation in this case is very thin.” It then goes on to explain why that is true.
In addition, it is clear under § 36-25-4(9) that the Commission could have issued an advisory opinion on these very facts if a request for such an opinion rather than a complaint had been filed. If the purpose of the act is considered in conjunction with the act as a whole, I have no problem concluding that it was appropriate for the Commission to issue a statement explaining why it found no violation. In addition, as a matter of policy, I do not believe courts should become involved in censoring or restricting comments published by administrative agencies.
STEAGALL, J., concurs.